UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 APR 23 A 11:52
U.S. DISTRICT COURT
DISTRICT OF MASS.

DIRECTV, INC.

v.

DOMENIC J. VENTURELLI

C.A. No. 04 10159 PBS

ANSWER AND JURY CLAIM OF
DEFENDANT DOMINIC J. VENTURELLI

Now comes the defendant Dominic J. Venturelli and for answer states the following:

**Introduction and Security System**

1-15. Defendant has no knowledge of the allegations contained in paragraphs 1 through 15 herein so can neither admit or deny the same.

**Parties**

16-17. Defendant has no knowledge of the allegations contained in paragraphs 16 and 17 and can neither admit or deny the same.

18. Defendant admits he is a resident of the District, but denies that he has illegally modified any property of the Plaintiff.

19. Defendant

(a) admits that he purchased the items listed in subsection a and that the items were shipped to 1305 Hancock Street, Quincy, MA 02169.

(b)(c) Defendant admits that goods listed were shipped, but Defendant denies purchasing the same.

(d) Defendant admits purchasing the items listed in subsection (d) and that it was shipped to him.

20. Defendant reasserts his answers to paragraph 17.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

**Subject Matter Jurisdiction**

23-24. The allegations of paragraphs 23 and 24 are conclusory and require no answer.

**Venue**

25. Defendant admits the allegations of paragraph 25.

**Count I**

26. Defendant repeats and realleges his answers to paragraphs 1 through 25 as if fully set forth.

27-29. Defendant denies the allegations of paragraphs 27 through 29.

**Count II**

30. Defendant repeats and realleges his answers to paragraphs 1 through 29 as if fully set forth.

31. Defendant has no knowledge of the same so can neither admit or deny the same.

32-34. Defendant denies the allegations of paragraph 32 through 34.

**Count III**

35. Defendant repeats and realleges his answers to paragraphs 1 through 34 as if fully set forth herein.

36. Defendant denies the allegations of paragraph 36.

37-38. Defendant has no knowledge of the allegations of paragraph 37 and 38 so can neither admit or deny the same.

39-41. Defendant denies the allegations of paragraphs 39 through 41.

**Count IV**

42. Defendant repeats and realleges his answers to paragraphs 1 through 41 as if fully set forth herein.

43-47. Defendant denies the allegations of paragraphs 43 through 47.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiff is collaterally estopped from bringing this action.

THIRD AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff cannot possibly meet it's burden of proof for the simple reason that at all times relevant hereto this answering defendant was an authorized recipient of and subscriber to DIRECTV's encrypted satellite signals.

FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that any injury, which this defendant denies, occurred solely as a result of the plaintiff's negligence which proximately resulted in the injuries complained of and that said negligence of plaintiff operates as a complete bar to any proposed recovery on behalf of plaintiff.

FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that this action is barred by the equitable doctrines of laches and/or unclean hands on the part of the plaintiff.

SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiffs' damages, if any there be, were caused by third parties whose identifies are unknown to this answering defendant and that no acts of this answering defendant can be shown to have caused any harm to plaintiff whatsoever.

SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has no evidence of any wrongdoing and the definitions of "illegal satellite theft device" or "piracy device" and all other definitions relevant to the statutory violations alleged in the complaint are not present under the facts as plead or as they truly exist and that therefore there can be no satisfaction of the elements required for successful prosecution under the enumerated federal statutes.

EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that in order for the plaintiff to prevail as a matter of law, the plaintiff must demonstrate that the defendant, without authorization, intercepted and decrypted it's signals for his own use and/or dissemination to others. That defendant was at all times a subscriber to the full package available to any DTV subscriber and that

therefore the defendant cannot, as a matter of law, be found to be in violation of the statutes asserted by plaintiff. This affirmative defense is in no way an admission of any of the acts asserted by plaintiff.

WHEREFORE, defendant prays that plaintiff takes nothing by reason of its Complaint, that judgment should be rendered in favor of defendant, that defendant be awarded his costs of suit incurred in defense of this action including attorney's fees, Rule 11 Sanctions should issue, and for such other and further relief as this court may deem proper.

DEFENDANT ASSERTS HIS RIGHT TO TRIAL BY JURY ON EACH COUNT HEREIN.

Dominic J. Venturelli,
By his counsel,

GERARD S. MCAULIFFE
43 Quincy Avenue
Quincy, MA 02169
(617) 471-0700
BBO #326740

Dated: April 22, 2004

CERTIFICATE OF SERVICE

I, Gerard S. McAuliffe, Esquire, hereby certifies that on this date a copy of the within Answer and Jury Claim of Defendant Dominic J. Venturelli was forwarded to the attorney of record via first class mail and addressed:

John M. McLaughlin, Esquire
McLaughlin Sacks, LLC
31 Trumbull Road
Northampton, MA 01060

GERARD S. MCAULIFFE

Dated: April 22, 2004